McMILLIN, C.J., for the Court.
¶ 1. This matter is before this Court on a notice of appeal filed by Gloria Moody, the *275 plaintiff in the action below, indicating her desire to obtain appellate review of a decision by the trial court to grant summary judgment in favor of the Harrison County Board of Supervisors, one of two named defendants in her complaint. The action was commenced as a personal injury action against Harrison County and the Mississippi Department of Human Services and arose out of an incident where Moody claims she was injured when a chair collapsed under her while she was in the DHS office in Harrison County.
¶2. At the outset of our review, we obseive this Court’s obligation to consider issues affecting its jurisdiction to decide matters brought before it whether or not the parties raise the issue. E.g., Gilchrist v. Veach, 754 So.2d 1172(¶ 5) (Miss.2000).
¶ 3. In furtherance of that obligation, the Court notes the following circumstances. There are two defendants in this action; namely, the Harrison County Board of Supervisors and the Mississippi Department of Human Services. The Mississippi Department of Human Services has appeared separately in the proceeding and is represented by separate counsel. The motion for summary judgment was filed solely by the Harrison County Board of Supervisors and was not joined in by the Mississippi Department of Human Services. The motion, in fact, raises issues that have no particular relevance regarding the legitimacy of Moody’s claim against the Department of Human Services. The order granting summary judgment applies, on its face, solely to the Harrison County Board of Supervisors. The order does not make an express determination that there is no just reason for delay in entering the order as a final judgment as to the Harrison County Board of Supervisors nor does it expressly direct the entry of this order as a final judgment. Under the provisions of Mississippi Rule of Civil Procedure 54(b), the order is subject to revision at any time” by the circuit court and, thus, is interlocutory in nature. Interlocutory orders are not appealable unless express permission to do so has been obtained under the provisions of Mississippi Rule of Appellate Procedure 5. M.R.A.P. 5; Stringer v. Am. Bankers Ins. Co. of Florida, 822 So.2d 1011(1113) (Miss.Ct.App.2002). No such permission for an interlocutory appeal has been sought or obtained in this proceeding.
¶ 4. As recently as October 2002, the Mississippi Supreme Court has said, in a similar situation that “[bjecause the order of dismissal neither explicitly dismissed all of the defendants in the action, nor was it certified as a final judgment under M.R.C.P. 54(b), the appeal is not properly before the Court and must be dismissed.” Salts v. Gulf Nat’l. Life Ins. Co., 849 So.2d 848(¶ 2) (Miss.2002).
¶ 5. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION AND THE MATTER IS REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THE TERMS OF THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.