CHANDLER, J.,
for the Court.
¶ 1. On January 3, 2003, Bernie Bierman filed a “Complaint for Declaratory Judgment, Damages and Other Relief’ in the Circuit Court of Marshall County. Bier-man claimed that Conrad J. Kruenen and Daniel J. Horvath had breached a contract granting Bierman an option to purchase certain real property from Kruenen and Horvath. Bierman sought a judgment declaring the parties’ contractual obligations, an injunction against the disposition of the subject property, and monetary damages. Kruenen and Horvath filed a counterclaim. Later, they filed a motion for summary judgment as to Bierman’s claims. The trial court granted summary judgment to Kruenen and Horvath on the ground that the option contract asserted by Bierman did not satisfy the statute of frauds. Bier-man appeals.
¶ 2. The grant of summary judgment as to Bierman’s claims left Kruenen and Hor-vath’s counterclaim before the lower court. No final judgment was entered as to Bier-man’s claims pursuant to Mississippi Rule of Civil Procedure 54(b). Therefore, this appeal is interlocutory and this Court lacks jurisdiction. We dismiss this appeal.
LAW AND ANALYSIS
¶ 3. Bierman’s lawsuit for breach of contract was predicated upon the existence of an option contract, executed in June 1995, enabling Bierman to purchase a tract of land from Kruenen and Horvath within a certain period of time. In his complaint, Bierman claimed that a written memorandum existed which memorialized the option contract. But, Bierman did not attach a copy of the memorandum to his complaint. In their answer, Kruenen and Horvath stated that Bierman had claimed in an earlier lawsuit that the option contract had been written on a piece of wood. They argued that the writing was a forgery. They admitted that an oral option contract *500 existed between the parties, but stated that Bierman had failed to exercise his option to buy the property within the deadline provided by the contract. Thus, they asserted, the option had expired by its terms.
¶ 4. Kruenen and Horvath filed a counterclaim asserting four causes of action based upon Bierman’s filing of a lis pen-dens notice which had encumbered the land at issue and upon Bierman’s filing of an allegedly frivolous lawsuit. These causes of action were: (1) intentional interference with business relations; (2) abuse of process; (3) outrageous conduct; and (4) slander of title. Kruenen and Horvath requested one million dollars in actual damages and two million dollars in punitive damages, as well as attorney’s fees and court costs under the Litigation Accountability Act. Bierman answered the counter-claim, asserting several affirmative defenses and denying the material allegations made by Kruenen and Horvath.
¶ 5. Then, Kruenen and Horvath moved for summary judgment on the ground that Bierman’s claims were barred by the statute of frauds. Miss.Code Ann. § 15-3-1 (Rev.2003). At a hearing on the motion, Bierman claimed that the option contract had been memorialized on a wooden board. He admitted that the writing on the board lacked any description of the property that is the subject of the alleged option contract. Since a land sale contract must contain an adequate written description of the property that is the subject of the contract, the trial court granted summary judgment to Kruenen and Horvath. See Theobald v. Nosser, 752 So.2d 1036, 1040(¶ 14) (Miss.1999). The trial court’s ruling did not adjudicate Kruenen and Horvath’s counterclaim. The court entered its order granting summary judgment on January 26, 2004, and Bierman filed a notice of appeal from the order on February 20, 2004.
¶ 6. On appeal, Bierman argues that, while the writing did not satisfy the statute of frauds, Kruenen and Horvath should be equitably estopped from denying the option contract due to improvements which Bierman made to the property in reliance on the option contract. Bierman also argues that the contract should be enforced under the doctrine of partial performance. Kruenen and Horvath point out that Bier-man failed to raise the issue of equitable estoppel before the trial court and that the doctrine of partial performance has been rejected as a method of circumventing the application of the statute of frauds in Mississippi. We are unable to consider the parties’ arguments because, though neither party has so noted, this Court lacks jurisdiction to entertain this appeal.
Mississippi Rule of Civil Procedure 54(b) provides:
Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
¶ 7. In this case, both the plaintiff and the defendants had claims before the lower *501 court. When the court granted summary judgment as to Bierman’s claims, Kruenen and Horvath’s counterclaim remained pending. Therefore, the summary judgment order adjudicated fewer than all of the claims presented in the action. The court never entered a final judgment expressly determining that there was no just reason for delay and expressly directing the entry of the judgment as required by Rule 54(b).
¶8. Though summary judgment was granted upon Bierman’s claims, since no final judgment was entered, the action was not terminated and the summary judgment order remains “subject to revision at any time.” M.R.C.P. 54(b). Therefore, this appeal is interlocutory. “Interlocutory orders are not appealable unless express permission to do so has been obtained under the provisions of Mississippi Rule of Appellate Procedure 5.” Moody v. Harrison County Bd. of Sup’rs., 867 So.2d 274, 275(¶ 3) (Miss.Ct.App.2004) (citing M.R.A.P. 5; Stringer v. Am. Bankers Ins. Co. of Florida) 822 So.2d 1011(¶ 13) (Miss.Ct.App.2002)). Bierman has neither sought nor obtained permission for an interlocutory appeal as provided by Rule 5. Accordingly, we dismiss this appeal for lack of an appealable final judgment.
¶ 9. THE APPEAL FROM THE JANUARY 26, 2004 ORDER OF THE CIRCUIT COURT OF MARSHALL COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.