BARNES, J.,
 

 for the Court.
 

 ¶ 1. In this personal injury claim, Craig Melton, the plaintiff, appeals the Lawrence County Circuit Court’s grant of summary judgment in favor of one of the defendants, Lawrence County Sheriffs Department (sheriffs department). As the circuit
 
 *763
 
 court’s summary judgment was not certified pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure and the case against a second defendant, Patsy Smith, remains pending in this action before the Lawrence County Circuit Court, we dismiss this appeal for lack of jurisdiction.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On Saturday, July 29, 2006, Smith made arrangements with Nations Cadillac of Brookhaven, Mississippi for a Nations Cadillac employee, Melton, to pick up Smith’s car from her home in Monticello, Mississippi on July 30, 2006, and take it to Nations Cadillac to be serviced the following Monday. Melton picked the car up around noon on Sunday.
 

 ¶ 3. Later that day, Smith contacted Deputy Sheriff David Sanders and told him she feared her car might not be returned to her. While Deputy Sanders was at the time of the call off duty, he signed back in for duty and alerted local law enforcement as to the car’s description. Later that same evening, Deputy Sanders was contacted by local police and informed that Smith’s car had been seen in front of Melton’s home. Melton and a second suspect were detained and taken to the Lawrence County Jail for questioning.
 

 ¶ 4. At approximately 8:00 p.m., Melton was booked into the Lawrence County Jail where he was strip-searched and detained until the following afternoon. On the morning of Melton’s criminal trial, the county prosecutor decided against prosecution as Melton had not actually stolen Smith’s car.
 

 ¶ 5. On May 29, 2007, Melton filed his complaint, alleging that both the sheriffs department and Smith had engaged in false arrest, false imprisonment, and intentional infliction of emotional distress against him. A fourth charge of malicious prosecution was brought against only Smith.
 

 ¶ 6. The sheriffs department filed a motion for summary judgment which the circuit judge granted. Melton now appeals the circuit court’s judgment, contesting myriad points of both law and fact. While the sheriffs department has not challenged our appellate jurisdiction, it is incumbent upon this Court to assure that jurisdiction does exist.
 
 See Vance v. State,
 
 941 So.2d 225, 227(5) (Miss.Ct.App.2006).
 

 ¶ 7. Rule 54(b) provides, in pertinent part, that:
 

 When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.
 
 In the absence of such determination and direction, any order
 
 or other form of decision, however designated which
 
 adjudicates
 
 fewer than all of the claims or
 
 the rights and liabilities of fewer than all the parties shall not terminate the action
 
 as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 M.R.C.P. 54(b) (emphasis added).
 

 ¶ 8. In the case before us, there are two named defendants: the sheriffs department and Smith. Smith has appeared in these proceedings and is represented by separate counsel. The motion for summary judgment was raised solely by the sheriffs department, and the action against Smith is still pending before the circuit court. The summary judgment or
 
 *764
 
 der applies exclusively to the sheriffs department and does not state “an expressed determination that there is no just reason for delay.” M.R.C.P. 54(b).
 

 ¶ 9. Where a court enters an order granting summary judgment solely to one defendant and does not make a determination that there is no just reason for delay in entering the order as a final judgment as to that defendant, the order is interlocutory and not appealable.
 
 Moody v. Harrison County Bd. of Supervisors,
 
 867 So.2d 274, 275(3) (Miss.Ct.App.2004). In
 
 Moody,
 
 the plaintiff filed a personal-injury action against the Harrison County Board of Supervisors and the Mississippi Department of Human Services.
 
 Id.
 
 at (¶ 1). The circuit court granted summary judgment solely to the county and made no determination that a delay in the appeal might result in prejudice to the plaintiff.
 
 Id.
 
 We held that under the provisions of Rule 54(b), the “order is subject to revision at any time by the circuit court and, thus, is interlocutory in nature.”
 
 Id.
 

 ¶ 10. In step with
 
 Moody,
 
 Melton filed a personal injury action against the sheriffs department and Smith. The circuit court entered an order granting summary judgment solely to the sheriffs department. The order is silent as to whether it would be inequitable to require Melton to wait until the entire case is tried before permitting him to appeal. In the absence of any determination from the circuit court as to some danger of injustice caused by delay, any order, which dismisses some of the parties to a suit but not all parties, is interlocutory and, therefore, not appeal-able.
 

 ¶ 11. Accordingly, we dismiss this appeal for lack of jurisdiction.
 

 ¶ 12. THE APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THE APPEAL ARE ASSESSED TO APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.