MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Homer D. Thompson III challenges the Monroe County Circuit Court’s dismissal of his two distinct alienation-of-affection claims against True Temper Sports, Inc., the employer of his wife and her alleged paramour, Stephen M. Brown. The circuit judge’s dismissal only applied to True Temper and was not directed at Brown, who remains a defendant. Under Rule 54(b) of the Mississippi Rules of Civil Procedure, a judgment affecting less than all the defendants in a multi-defendant lawsuit is not final unless the trial judge expressly determines “there is no just reason for delay” and explicitly directs “the entry of the judgment.” Here there were no such findings. Thus, we lack a final appealable judgment and must dismiss for lack of jurisdiction.
 

 FACTS
 

 ¶ 2. This case concerns the dismissal of two separate claims of alienation of affection against a corporate entity. The circuit judge dismissed, under Mississippi Rule of Civil Procedure 12(b)(6), Thompson’s claims that: (1) True Temper recklessly permitted two of its employees (his wife and her alleged paramour) to engage in an extramarital affair, and (2) True Temper is vicariously liable for its employees’ actions. In dismissing both claims, the circuit judge found Thompson would be unable to prove any “set of facts that True Temper engaged in wrongful conduct that directly and actively interfered with and caused [his wife] to abandon her affections for [Thompson].”
 

 ¶ 3. On appeal, Thompson maintains the dismissals were in error. He suggests his case is factually and procedurally similar to the alienation-of-affection allegations lodged against the employer in
 
 Children’s
 
 
 *938
 

 Medical Group, P.A. v. Phillips,
 
 940 So.2d 931 (Miss.2006).
 

 ¶ 4. Relying on
 
 Phillips,
 
 Thompson contends his claim against True Temper should survive dismissal under Rule 12(b)(6) because he met the minimal pleading requirements of both: (1) placing True Temper “on reasonable notice of the claims against it,” and (2) demonstrating a cognizable action “upon which, under some set of facts, he might prevail.”
 
 Id.
 
 at 934 (¶ 10). Though Thompson acknowledges the Mississippi Supreme Court in
 
 Phillips
 
 rejected a vicarious-liability claim against the employer, he suggests his case is ripe for recognizing this theory because of the unique circumstances of the paramour’s role as plant manager and Vice-President of Human Resources of the site.
 

 ¶ 5. True Temper responds that an offended spouse, as a matter of law, cannot seek to hold a paramour’s employer vicariously liable for sexual conduct occurring outside of the scope of his or her employment. True Temper also argues an alienation-of-affection action cannot lie against a spouse’s employer, without the plaintiff describing the conduct by the employer establishing active interference in the marriage. Specifically, True Temper suggests that in light of recent United States Supreme Court cases, Mississippi should follow the new and more stringent federal pleading standards established in
 
 Twom-bly
 
 that requires plaintiffs to provide “more than labels and conclusions ... [A] formulaic recitation of the elements of a cause of action will not do.... [Pjlaintiffs [must] ... nudge[ ] their claims across the line from conceivable to plausible.”
 
 Bell Atlantic Corp. v. Twombly,
 
 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
 

 I. Rule 54(b)
 

 ¶ 6. Though neither party raises the finality and appealability of the court’s final order dismissing True Temper, before addressing the merits we must consider the threshold issue of jurisdiction.
 
 Anderson v. Britton & Koontz Bank, N.A.,
 
 55 So.3d 1130, 1131 (¶ 5) (Miss.Ct.App.2011). “When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken.”
 
 Williams v. Bud Wilson’s Mobile Home Serv.,
 
 887 So.2d 830, 832 (¶ 5) (Miss.Ct.App.2004). Rule 54(b) explains:
 

 When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ...
 
 only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the enti~y of the judgment.
 
 In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims ... shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 M.R.C.P. 54(b) (emphasis added). The comment to the rule makes explicit:
 

 If the court chooses to enter such a final order,
 
 it must do so in a definite, unmistakable manner.
 
 Absent a certification under Rule 54(b), any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.
 

 M.R.C.P. 54(b) cmt. (emphasis added).
 

 II. Interlocutory Order
 

 ¶ 7. This is a multiple-party, multiple-claim action governed by Rule 54(b).
 
 *939
 
 So to proceed with Thompson’s appeal, we would have to find the judgment adjudicated all of his claims or was certified under Rule 54(b).
 

 ¶8. Here the circuit court’s judgment does not adjudicate Thompson’s alienation-of-affections claim against Brown. And while Rule 12(b)(6) allows dismissal of specific claims or parties, it must be read in conjunction with Rule 54(b), which provides a grant of partial dismissal is interlocutory without a Rule 54(b) certification.
 
 See State v. Bayer Corp.,
 
 82 So.3d 496, 500 n. 2 (Miss.2010) (finding Rule 54(b) applicable to dismissals under Rule 12(b)(6));
 
 Bennett v. Pippin,
 
 74 F.3d 578, 587 (5th Cir.1996) (applying Rule 54(b) to dismissal under Rule 12(b)(6)).
 

 ¶ 9. The judgment here does not reflect a dismissal in favor of Thompson “on all claims” or against “all parties.” Instead, the circuit court disposed of two claims against True Temper, and left standing Thompson’s claim against Brown.
 
 See
 
 M.R.C.P. 54(b) cmt. (requiring Rule 54(b) certification for orders that “appear[] to adjudicate a separable portion of the controversy” in a multi-claim action).
 

 ¶ 10. Further, the judgment was not certified as final under Rule 54(b). Nowhere in the judgment or the record did the circuit court include “an expressed determination that there is no just reason for delay” and “an expressed direction for the entry of the judgment.”
 
 Ind. Lumbermen’s Mut. Ins. Co. v. Curtis Mathes Mfg. Co.,
 
 456 So.2d 750, 753 (Miss.1984) (quoting M.R.C.P. 54(b)). Nor is there any other unmistakable indication that the circuit judge intended to grant a final appeal-able judgment. Without this Rule 54(b) certification, or any discernible gesture akin to it, the judgment Thompson attempts to appeal is interlocutory. M.R.C.P. 54(b) & cmt.
 

 ¶ 11. An interlocutory order is only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure.
 
 Miller v. Cont’l Mineral Processing,
 
 39 So.3d 998, 1000 (¶ 9) (Miss.Ct.App.2010) (citing
 
 Lloyd G. Oliphant & Sons Paint Co. v. Logan,
 
 12 So.3d 614, 617 (¶ 9) (Miss.Ct.App.2009)). Because Thompson neither sought nor was afforded permission under Rule 5 to proceed with an interlocutory appeal, we must dismiss this appeal for lack of jurisdiction.
 
 Id.
 

 ¶ 12. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ„ CONCUR. MYERS, J„ NOT PARTICIPATING.