MAXWELL, J.,
for the Court:
¶ 1. Under Rule 54(b) of the Mississippi Rules of Civil Procedure, a judgment affecting “one or more but fewer than all of the claims” is not final unless the trial judge expressly determines “there is no just reason for delay” and explicitly directs “the entry of the judgment.” Here, the chancellor in this heated domestic case decided a variety of disputed issues, including holding the father in contempt for back child-support payments and deciding the father was entitled to a reduction in child support. However, while the chancellor issued what she labeled a “final judgment,” she requested the parties submit proposed findings of fact and conclusions of law on the arrearage and child-support modification issues. There is nothing to show the parties submitted these requested findings, nor does the record indicate that the chancellor ever decided the appropriate arrearage award or decided the amount of the newly reduced support obligations. Because the judgment appealed from neither finally adjudicated all claims nor was certified as a final judgment under Rule 54(b), we must dismiss the appeal for lack of jurisdiction.
Facts and Procedural History
¶ 2. Raven Skye Boyd Maurer and Michael Thomas Maurer received an irreconcilable-differences divorce on June 27, 2006. They agreed to share joint legal custody of their two daughters, with Raven having primary physical custody. Michael received reasonable visitation and agreed to make monthly child-support payments.
¶ 3. On January 24, 2007, Michael filed a petition for emergency custody, alleging Raven’s behavior had become so erratic that it was no longer in the children’s best interests to remain in her care. Attached *692 to the petition was an affidavit by Raven’s mother, Wanda Phillips. Wanda claimed that, while the children were with Raven, they were frequently left unsupervised, exposed to cigarette smoke and alcohol, and subjected to Raven’s tumultuous relationship with her live-in boyfriend.
¶ 4. Raven contested the petition, instead suggesting that the couple’s oldest child had been displaying abnormal sexual behavior and that Michael was responsible. According to Raven, she reported her suspicions to law enforcement two weeks before Michael filed his petition. Chancellor James Thomas awarded Michael temporary custody of the children pending the outcome of the child-custody dispute and appointed a guardian ad litem to investigate Raven’s sexual-abuse allegations.
¶ 5. In August 2008, the parties agreed to revert to the original custody arrangement, which gave Raven primary physical custody of the children and Michael reasonable visitation rights. Chancellor Thomas approved and confirmed the agreement by written order. He also instructed the parties to continue complying with the child-abuse investigation.
¶ 6. On October 15, 2008, based on the sexual-abuse allegations, Michael was indicted in Marion County on one count of touching and fondling a child for lustful purposes. The criminal bond Michael executed after his arrest was conditioned on him having no contact with his children or Raven while the charge was pending. After Michael’s arrest, Raven applied for a temporary restraining order prohibiting him from contacting the children, which Chancellor Thomas denied. He instead, sua sponte, awarded Michael supervised visitation with the children over the Christmas holidays. Raven then sought and obtained a protective order against Michael in Covington, Louisiana. To avoid violating the terms of his criminal bond and the Louisiana protective order, Michael refrained from communicating with his children. In June 2010, the State nolle prossed Michael’s indictment based on a lack of evidence.
¶ 7. On June 10, 2010, Raven filed a petition for contempt and to terminate Michael’s parental rights, alleging Michael had neither paid child support nor communicated with his children since September 2008. Over the next year, the parties pelted each other with contempt motions, continuously fighting over visitation rights and child-support payments. The case was eventually reassigned to Chancellor Deborah Gambrell, who, on August 16, 2011, held a hearing on Raven’s petition to terminate parental rights, Michael’s motion to extend visitation and to modify child support, and the parties’ many contempt motions.
¶ 8. Based on testimony from Raven, Michael, and Wanda as well as the recommendation of the guardian ad litem, Chancellor Gambrell issued a “final judgment” denying Raven’s petition and finding Michael in contempt for his failure to pay child support. But rather than setting the amount of child-support arrearage, the chancellor instructed the parties to submit proposed findings of fact and conclusions of law addressing the issue. Chancellor Gambrell also found Michael was entitled to a reduction in child-support payments because of his decline in employment compensation. So she likewise instructed the parties to address the reduction amount in their subsequent filings. The chancellor also ordered the parties to participate in family counseling and instructed the counselor to conduct a forensic review of the evidence to determine if Raven’s allegations against Michael could be substantiated. And though Chancellor Gambrell declined to sanction Raven for her “contumacious and inflammatory actions,” she ordered Raven to execute a ne exeat bond to ensure her com *693 pliance with the judgments and orders of the court.
¶ 9. On appeal, Raven, acting as her own counsel, raises a host of issues, but before addressing them, we must determine whether we have jurisdiction to consider her appeal.
Discussion
¶ 10. Jurisdictional matters are questions of law, which we review de novo. Canadian Nat’l Ry. Co. v. Wattman, 94 So.3d 1111, 1115 (¶ 6) (Miss.2012) (citing Knight v. Woodfield, 50 So.3d 995, 998 (¶ 11) (Miss.2011)). While the parties have not addressed the appealability of the chancellor’s order, we must examine the question on our own initiative. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006) (citing Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 11. As a general rule, only final judgments are appealable. See Miss. Code Ann. § 9-3-9 (Rev.2002); Miss.Code Ann. § 11-51-3 (Rev.2012); M.R.A.P. 5. “A final, appealable[ ] judgment is one that ‘adjudicates the merits of the controversy which settles all issues as to all the parties’ and requires no further action by the [trial] court.” Watters v. Watters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007) (citation omitted). “When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken.” Thompson v. True Temper Sports, Inc., 74 So.3d 936, 938 (¶ 6) (Miss.Ct.App.2011) (quoting Williams v. Bud Wilson’s Mobile Home Serv., 887 So.2d 830, 832 (¶ 5) (Miss.Ct.App.2004)).
¶ 12. We find Chancellor’s Gam-brell’s order, while entitled “final judgment,” is not a final, appealable judgment. Though the chancellor addressed the vast majority of disputed issues, we do not find where the chancellor decided on an amount of arrearage after holding Michael in contempt for failure to pay child support. Nor did the chancellor determine the amount of child support Michael must pay after she found Michael was entitled to a reduction in his support obligation based on a decline in his employment compensation. Until the chancellor resolves these issues, the particular claims are left hanging, and the judgment is not final.
¶ 13. While limited exceptions to the final-judgment rule exist, none are applicable here, since the chancellor neither “direct[ed] the entry of a final judgment as to one or more but fewer than all of the claims” nor “express[ly] determin[ed] that there is no just reason for delay” in entering a partial judgment. M.R.C.P. 54(b). Absent such certification, “any order in a multiple[-]party or multiple[-]claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory” for purposes of appeal. M.R.C.P. 54 cmt. And an interlocutory order, like the one before us, is not appealable unless the supreme court expressly grants permission under Mississippi Rule of Appellate Procedure 5. Bierman v. Kreunen, 912 So.2d 498, 501 (¶ 8) (Miss.Ct.App.2005) (citing Moody v. Harrison Cnty. Bd. of Sup’rs, 867 So.2d 274, 275 (¶3) (Miss.Ct.App.2004)).
¶ 14. Because Raven neither sought nor obtained permission to appeal the interlocutory order under Rule 5, we must dismiss her appeal for lack of jurisdiction.
¶ 15. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND JAMES, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.