CARLTON, J.,
for the Court:
¶ 1. Anthony Newson appeals an order by the Lamar County Chancery Court disposing of the parties’ assets and liabilities. Anthony raises several issues on appeal, including whether the chancellor erred by awarding attorney’s fees to Lori Newson. We find the order upon which Anthony bases his appeal to be interlocutory, however, since the order fails to constitute a final judgment, reflecting final adjudication of all claims before the chancery court, and the judgment was not certified as a “final judgment” pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure. Therefore, we must dismiss the appeal for lack of jurisdiction. We remand the matter to the Lamar County Chancery Court for determination of the issues still pending below.
FACTS
¶ 2. Anthony and Lori were married on June 8, 1984, and separated on August 20, 2008. On May 19, 2011, the chancellor entered a judgment of divorce, granting Lori a divorce on the ground of adultery. Because Anthony’s attorney had notified the chancellor on the day of trial that Anthony had filed for bankruptcy, the chancellor reserved ruling on all issues relating to spousal support and alimony, as well as issues pertaining to division of any marital assets and liabilities, until he had received further information from the bankruptcy court.
¶ 3. In an order entered March 21, 2012, the chancellor stated that the bankruptcy trustee had informed him of the dismissal of the bankruptcy proceedings. In another order entered August 6, 2012, the chancellor noted that the parties had reached an agreement to partially distribute their assets and liabilities. The chancellor stated that any remaining issues as to “the responsibility of the indebtedness of the respective parties, spousal support/alimony, attorney’s fees[,] and/or costs owed by the parties” would be reserved until the final hearing.
¶ 4. On October 23, 2012, the chancellor entered a “final” order disposing of the parties’ assets and liabilities. The chancellor found that Anthony had not made a single payment toward his spousal-support obligation and that the only money Lori had received was $5,903.01 garnished from Anthony’s wages and $4,428 from the bankruptcy trustee following the dismissal of Anthony’s bankruptcy proceeding. Therefore, the chancellor found that Anthony still owed $64,668.99 in spousal support and that he was in contempt of court for his failure to pay. The chancellor also awarded Lori $1,200 a month in periodic alimony. Finally, the chancellor stated *277 that the record would remain open to allow Lori’s attorney to present an itemized statement of attorney’s fees and that he would then determine whether the fees would be awarded under the factors set forth in McKee v. McKee, 418 So.2d 764, 767 (Miss.1982).
¶ 5. On January 10, 2013, the chancellor entered an order in response to Anthony’s motion to reconsider and set aside the order disposing of the parties’ assets and liabilities. The chancellor found that Anthony’s motion did not “set forth any specific issue upon which the [c]ourt allegedly erred nor any other grounds as a basis of said Motion and[,] accordingly, said Motion for Reconsideration and to Set Aside Judgment is not well taken and is hereby denied.” Anthony now appeals the chancellor’s order and raises several issues. However, before considering any of Anthony’s arguments, we must determine whether this Court has jurisdiction over his appeal.
DISCUSSION
¶ 6. “Jurisdictional matters are questions of law, which we review de novo.” Maurer v. Boyd, 111 So.3d 690, 693 (¶ 10) (Miss.Ct.App.2013) (citation omitted). “Though neither party raises the finality and appealability of the [chancellor’s purportedly] final order [disposing of the parties’ assets and liabilities], before addressing the merits [of this appeal,] we must consider the threshold issue of jurisdiction.” Thompson v. True Temper Sports, Inc., 74 So.3d 936, 938 (¶ 6) (Miss.Ct.App.2011) (citation omitted). “Generally, only final judgments are appealable.” Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007) (citation omitted). “A final, appealable! ] judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the [trial] court.” Id. (citation and internal quotation marks omitted). “When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken.” Thompson, 74 So.3d at 938 (¶ 6) (citation omitted).
¶ 7. Rule 54(b) provides the following:
When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated[,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties!,] shall not terminate the action as to any of the claims or parties!,] and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
“If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner.” M.R.C.P. 54 cmt. “Absent a certification under Rule 54(b), any order in a multiple[-]party or multiple[-]elaim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.” M.R.C.P. 54 cmt.
¶ 8. Anthony argues on appeal that the chancellor erred by awarding attorney’s fees to Lori. However, the record contains no order by the chancellor awarding such fees to Lori. As reflected in the record, Lori filed three separate petitions for citation of contempt against Anthony prior to the judgment of divorce. *278 In each petition, Lori requested all reasonable attorney’s fees incurred in bringing the action. Based upon the proof Lori’s attorney presented, the chancellor found that Lori incurred the following attorney’s fees in connection with the contempt actions: $671.71 for the first petition; $692.66 for the second petition; and $600 for the third petition. See Miss. Code Ann. § 93-5-23 (Rev.2013) (providing the chancellor with discretion to award attorney’s fees, if need be, in a divorce proceeding).
¶ 9. As previously noted, however, following the parties’ divorce, the chancellor entered an order on August 6, 2012, in which he reserved ruling on several issues remaining between the parties, including new attorney’s fees incurred, until the final hearing. Then, in his “final order”[1] disposing of the parties’ assets and liabilities, the chancellor specifically stated that “the record shall remain open so as to allow [Lori’s attorney] to present an itemized statement for her attorney’s fees[,] which shall be marked as the final exhibit in the record upon presentation of said bill.” The chancellor further stated that he would determine whether to award attorney’s fees after considering the factors set forth in McKee.
¶ 10. Because the chancellor has not yet adjudicated the issue of attorney’s fees, we find that the order Anthony appeals from, though titled a “final order,” is not a final, appealable judgment pursuant to Rule 54(b).[2] In addition, though an exception exists to the final-judgment rule, it fails to apply in this case because the chancellor neither gave an expressed direction for “the entry of a final judgment as to one or more but fewer than all of the claims” nor an “expressed determination that there [was] no just reason for delay.” M.R.C.P. 54(b).
¶ 11. Without an “unmistakable indication that the [chancellor] intended to grant a final[,] appealable judgment!,] ... [the order Anthony] attempts to appeal is interlocutory.” Thompson, 74 So.3d at 939 (¶ 10) (citing M.R.C.P. 54(b) & cmt.). Interlocutory orders are not appealable unless the Mississippi Supreme Court grants permission to appeal under Rule 5 of the Mississippi Rules of Appellate Procedure. Thompson, 74 So.3d at 939 (¶ 11); Maurer, 111 So.3d at 693 (¶ 13). Because Anthony neither sought nor obtained permission under Rule 5 to appeal the chancellor’s interlocutory order, and because the issue of attorney’s fees remained pending before the chancellor, we must dismiss this appeal for lack of jurisdiction and remand the case for determination of the remaining issues between the parties.[3]
¶ 12. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, MAXWELL AND JAMES, JJ., CONCUR. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY ROBERTS AND FAIR, JJ.

. The record reflects that the chancellor's "final order” is not entitled "final judgment” and lacks Rule 5 4(b)'s certification language.

. See also Wilton Acquisitions Corp. v. First Methodist Church of Biloxi, Miss., 85 So.3d 319, 324 (¶ 12) (Miss.Ct.App.2012) (finding no final, appealable order where the chancellor certified his order under Rule 54(b) but reserved ruling on an award of attorney's fees).

.See Wilton Acquisitions Corp., 85 So.3d at 324 (¶ 12).