BARNES, J.,
for the court:
¶ 1. Violet Meekins and Alex Gates, the Chapter 7 Trustee for the Northern District of Mississippi, on behalf of Meekins, appeal the DeSoto County Circuit Court’s order granting summary judgment to the defendant, Eric M. Kennon, and its order denying the Trustee’s motion to be substi *52 tuted for the original plaintiff, Meekins, in an automobile-accident lawsuit filed by Meekins and her minor children against Kennon.
¶ 2. Finding that the circuit court’s order was not a final, appealable judgment, we dismiss the appeal.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 8. On May 11, 2009, Meekins was driving a school bus when a vehicle driven by Kennon collided with the bus. Two of Meekins’s own minor children were passengers on the bus.
¶ 4. A week prior to the accident, Mee-kins had consulted an attorney and begun steps to file a Chapter 7 bankruptcy petition. The petition was not filed until five days after the accident. No mention was made in the petition about a potential claim relating to the accident. On September 21, 2009, the bankruptcy case was closed, and Meekins was discharged without the claim ever being identified and administered.
¶5. On September 20, 2011, Meekins filed a lawsuit against Kennon on behalf of herself and her two minor children. Ken-non stipulated to liability, leaving only the issue of damages for determination. On December 21, 2011, Meekins filed a Chapter 13 bankruptcy petition. Although the lawsuit was listed in her “Statement of Financial Affairs, Form B7,” it was not listed in her Schedule B, where assets are required to be listed.
¶ 6. Kennon learned of her bankruptcy filings in discovery. He moved for summary judgment on the grounds that Mee-kins, having filed for bankruptcy, had no standing to pursue the claim, and that Meekins was judicially estopped from pursuing the claim since her bankruptcy filings, in effect, denied its existence.
¶ 7. In July 2012, after the motion for summary judgement was filed, Meekins amended her Chapter 13 petition to add the lawsuit as a potential asset.
¶ 8. Following a hearing, the circuit court granted Kennon’s motion for summary judgment on August 22, 2012, as to Meekins individually based on her lack of standing to pursue a claim that belonged to the bankruptcy trustee. The court did not rule on the judicial-estoppel argument.
¶ 9. On August 31, 2012, Meekins filed a motion pursuant to Mississippi Rule of Civil Procedure 59 to alter or amend the judgment by substituting the Chapter 7 Trustee for Meekins. Meekins’s Chapter 7 bankruptcy proceeding was reopened. Her attorney was appointed special counsel to represent the Chapter 7 Trustee in the lawsuit. On October 18, 2012, the Chapter 7 Trustee, represented by Mee-kins’s attorney, filed a motion to substitute the Trustee for Meekins and to allow the lawsuit to proceed.
¶ 10. Following a hearing, the circuit court denied Meekins’s Rule 59 motion and the Trustee’s motion to substitute. The order recited, however, that “[njothing in this ruling shall be construed as to having any effect on Ms. Meekinsf’s] ability to proceed on behalf of her minor children’s claims.”
¶ 11. Meekins and the Trustee have appealed the August 22, 2012 and the December 5, 2012 orders.
DISCUSSION
¶ 12. Although no party has raised the issue of appellate jurisdiction, as the action involved multiple parties and claims, we must address on our own initiative whether the circuit court’s order was a final, appealable judgment under Mississippi *53 Rule of Civil Procedure 54(b). Clausell v. Bourque, 122 So.3d 825, 827 (¶ 6) (Miss.Ct.App.2013) (citing Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 13. Under Rule 54(b), the circuit court may “direct the entry of a final judgment as to one or more but fewer than all of the claims or parties[.]” M.R.C.P. 54(b). However, for such a judgment to be final, the order must make an “expressed determination that there is no just reason for delay” and an “expressed direction for the entry of the judgment.” Id. Without such express determinations, the order is interlocutory. M.R.C.P. 54(b) cmt.
¶ 14. In the case before us, the orders only disposed of Meekins’s claims and not those of her minor children. Their claims are still pending before the circuit court. The summary-judgment order applies exclusively to Meekins’s individual claim and does not state “an expressed determination that there is no just reason for delay.” M.R.C.P. 54(b). The circuit judge failed to certify the order as a final judgment under Rule 54(b).
¶ 15. In Moody v. Harrison County Board of Supervisors, 867 So.2d 274 (Miss.Ct.App.2004), the plaintiff filed a personal-injury action against the Harrison County Board of Supervisors and the Mississippi Department of Human Services. Id. at 274-75 (¶ 1). The circuit court granted summary judgment solely to the county and made no determination that a delay in the appeal might result in prejudice to the plaintiff. Id. at 275 (¶ 1). We held that under the provisions of Rule 54(b), the “order is subject to revision at any time by the circuit court and, thus, is interlocutory in nature.” Moody, 867 So.2d at 275 (¶ 3).
¶ 16. Likewise, in Anderson v. Britton & Koontz Bank, N.A., 55 So.3d 1130, 1132 (¶ 10) (Miss.Ct.App.2011), we held that “[wjithout a Rule 54(b) certification, [an] order granting summary judgment to only one of the two defendants is interlocutory.” (Citing M.R.C.P. 54(b) cmt.); see also Clausell, 122 So.3d at 827 (¶ 7) (finding no appellate jurisdiction, as the circuit court’s order granted summary judgment to only one of three parties “without a Rule 54(b) certification”).
¶ 17. Since the circuit court’s orders did not dispose of all of the claims against all of the parties and was not certified as a final judgment under Rule 54(b), the order is interlocutory.
¶ 18. Accordingly, we dismiss the appeal for lack of jurisdiction.
¶ 19. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.