# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00055-COA

**ANTONIO PROWELL AND LORI A. McCOTTRELL**        **APPELLANTS**

**v.**

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, JAMES L. DELOACH, AND DAVID FLAUTT**        **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/2020 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | ROGER LANE McGEHEE JR. |
| ATTORNEY FOR APPELLEES: | BETH WINDSOR BURTON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | APPEAL DISMISSED - 05/24/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.     On June 30, 1995, Antonio Prowell obtained title to real property located at 100 Cedarwoods Road (the subject property) in Jackson, Mississippi. On October 20, 1998, Prowell borrowed $65,031 from Union Planters Bank National Association. In connection with this loan, Prowell and his wife, Lori A. McCottrell (the Debtors), executed a deed of trust for the benefit of Union Planters in which the subject property was pledged as collateral for the debt. On August 27, 2003, the loan and deed of trust were assigned to a different

bank. On May 8, 2015, the loan and deed of trust were assigned to Nationstar Mortgage LLC. On September 28, 2015, Nationstar substituted either James L. DeLoach or David E. Flautt as trustee in the deed of trust.

¶2.    From August 2003 until approximately April 2009, Countrywide Home Loans Inc. serviced the Debtors' loan. During that period, the Debtors became delinquent. An attorney for Countrywide sent the Debtors a demand letter dated July 30, 2007. In this letter, the attorney stated that Countrywide "has on July 30, 2007, accelerated the entire unpaid principal and accrued interest, together with attorney's fees and expenses incurred in connection with the collection of the amount stated in the letter mentioned above." The attorney was apparently unaware that, days earlier, Countrywide and Prowell had entered into a special forbearance agreement to allow Prowell to bring the loan current by making additional monthly payments. The Debtors made payments for some period, but they again fell six months behind in making payments during 2008. The parties then entered into another forbearance agreement in an effort to allow the Debtors to bring the loan payments current.

¶3.    According to the pleadings, briefs, and attachments, the Debtors made occasional payments on the loan from 2007 to 2010, and these payments, for less than the entire balance, were accepted by the Nationstar's predecessors in interest. Between 2011 and 2013, Prowell made at least two attempts to modify the loan. The only payment that appears on the account after 2010 was a single payment in June 2016. The Debtors state that they blocked several

2

attempts to foreclose on the subject property between 2016 and June 2018 by filing for bankruptcy protection.[1] When Nationstar attempted to foreclose on the subject property, the Debtors filed the instant action.

¶4.    On June 20, 2018, the Debtors filed an "Emergency Complaint for a Temporary Restraining Order and/or Permanent Injunction, and for Adverse Possession" in the Hinds County Chancery Court. Nationstar d//b/a Mr. Cooper, Deloach, Flautt, and "John Does 1 through 10" were the named defendants. That same day, the chancery court granted the Debtors' request for a temporary restraining order without notice to Nationstar, who was thus enjoined from proceeding with the June 20, 2018 foreclosure sale until the court could address the matter on the merits. The complaint was set for hearing on September 6, 2018.

¶5.    On August 9, 2018, Nationstar filed its answer and included a counterclaim for judicial foreclosure and other relief. An agreed order filed on September 6, 2018, reset the hearing for November 14, 2018. On September 18, 2018, the Debtors filed their answer to Nationstar's counterclaim for judicial foreclosure. After a hearing in chambers on November 21, 2018, an agreed order was entered setting a briefing schedule. After receiving the parties' briefs, the chancery court entered its judgment on December 14, 2020. The court dismissed the Debtors' complaint with prejudice and granted Nationstar's counterclaim seeking to proceed with judicial foreclosure. The Debtors have appealed from that decision.

---

[1] The record does not reflect the dates of the previous attempts at foreclosure, who initiated those attempts, or what the results were in each instance.

**DISCUSSION**

¶6.     Because the order of the chancery court allowed Nationstar to proceed on its counterclaim for judicial foreclosure, a question arises as to whether the chancellor's order was a final, appealable judgment pursuant to Mississippi Rule of Civil Procedure 54(b). Since this issue was not addressed by either party on appeal, this Court required supplemental briefing on the question. The supplemental briefs of the parties were both filed on April 1, 2022.

¶7.     In *Newson v. Newson*, 138 So. 3d 275, 277 (¶6) (Miss. Ct. App. 2014), this Court said:

> "Jurisdictional matters are questions of law, which we review de novo." *Maurer v. Boyd*, 111 So. 3d 690, 693 (¶10) (Miss. Ct. App. 2013) (citation omitted). "Though neither party raises the finality and appealability of the chancellor's purportedly final order disposing of the parties' assets and liabilities, before addressing the merits of this appeal, we must consider the threshold issue of jurisdiction." *Thompson v. True Temper Sports, Inc.*, 74 So. 3d 936, 938 (¶6) (Miss. Ct. App. 2011) (citation omitted). "Generally, only final judgments are appealable." *Walters v. Walters*, 956 So. 2d 1050, 1053 (¶8) (Miss. Ct. App. 2007) (citation omitted). "A final, appealable judgment is one that adjudicates the merits of the controversy which settles **all issues as to all the parties** and requires no further action by the trial court." *Id*. (citation and internal quotation marks omitted). "When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken." *Thompson*, 74 So. 3d at 938 (¶6) (citation omitted).

(Emphasis added).

¶8.     In the present case, the counterclaim for judicial foreclosure is still pending before the chancery court. In its prayer for relief, Nationstar asked the chancery court to set the counterclaim for a final hearing and at the hearing to:

    a.     judicially declare that the Counter-Plaintiff, Mr. Cooper's Note and

Deed of Trust are valid and have priority over any subordinate liens of record in the chain of title to the subject property, and that the Deed of Trust validly encumbers the interests of the Counter-Defendants, Antonio Prowell and Lori A. McCottrell in the subject property;

b. appoint David E. Flautt as Special Commissioner and authorize him to execute the trust and sell the subject property in accordance with the terms of the Deed of Trust, or at such date and upon such terms as the Court may establish, for the purpose of raising the sums due thereunder, together with attorney's fees, Substitute Trustee's and/or Special Commissioner's fees, and the expenses of sale;

c. authorize the Special Commissioner to execute and deliver a good and valid commissioner's deed to the purchaser at the sale;

d. set a date for confirmation hearing to review the proceedings of the sale, and, if satisfactory, to confirm them as valid and to confirm title in and to the purchaser at sale, and to distribute the sale proceeds, as follows: (1) to cover the costs incurred in this proceeding and in the sale of the subject property; (2) to satisfy the unpaid balance of the Note and the other herein described indebtedness owed Counter-Plaintiff Mr. Cooper at the time of sale; and, (3) if any other proceeds remain, to such persons or entities as the Court may determine are entitled to them; and

e. award a judgment to Counter-Plaintiff Mr. Cooper against Counter-Defendant Antonio Prowell, in the amount of any deficiency due and owing after the sale;

f. discharge the Special Commissioner.

¶9. Although the chancellor's order was styled "Final Judgment of the Court," it did not resolve all the claims between the parties. As previously stated, the chancellor dismissed the Debtors' complaint and granted Nationstar's counterclaim seeking to proceed with foreclosure. While the court allowed the judicial foreclosure to proceed, it is still pending. The chancellor must set a sale date and, as shown above, a number of other steps are

5

necessary in order for Nationstar to complete the judicial foreclosure. Accordingly, the chancellor's order dismissing the Debtors' complaint was not a final, appealable judgment without more. Rule 54(b) provides the following:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated[,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties[,] shall not terminate the action as to any of the claims or parties[,] and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner." M.R.C.P. 54 cmt. "**Absent a certification under Rule 54(b), any order in a multiple[-]party or multiple[-]claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory**." *Id*. (emphasis added).

¶10.    Because the order at issue does not adjudicate all issues between the parties or contain the certification required by Rule 54(b), we find that the order is not a final, appealable judgment and that this appeal should be dismissed for lack of jurisdiction.

¶11.    **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**

6