# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00515-COA

**MARCUS BANKS**                                                                          **APPELLANT**

**v.**

**DEBORAH BANKS**                                                                          **APPELLEE**

DATE OF JUDGMENT:            04/21/2023
TRIAL JUDGE:                 HON. CATHERINE FARRIS-CARTER
COURT FROM WHICH APPEALED:   LEFLORE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      KATRINA SANDIFER BROWN
ATTORNEY FOR APPELLEE:       SABRINA D. HOWELL
NATURE OF THE CASE:          CIVIL - DOMESTIC RELATIONS
DISPOSITION:                 APPEAL DISMISSED - 10/29/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., SMITH AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On December 7, 2021, Deborah Banks filed a "Complaint for Divorce and Temporary Relief" against her husband, Marcus Banks. Just over one year later on January 18, 2023, the parties jointly filed a "Consent," requesting the Chancery Court of Leflore County to grant them a divorce on the ground of irreconcilable differences. Further, the filing requested the chancery court to decide all the issues the parties could not agree on, including the equitable division of marital assets and debts, attorney's fees, and spousal support. On April 5, 2023, the Leflore County Chancery Court entered a "Final Judgment" that divided the marital assets, awarded Deborah alimony for a period of four years in the amount of $1,750 per month, and awarded Deborah $6,900 in attorney's fees. However, the judgment did not grant the parties a divorce on the ground of irreconcilable differences or any other

ground. On April 14, 2023, Deborah filed a "Motion for Clarification," asking the court to clarify its ruling regarding Marcus' obligation to vacate the marital residence and his obligation to refinance joint debt on their vacant lots. On April 21, 2023, the court entered a "Final Order of Clarification of Final Judgment" that addressed the issues raised in Deborah's motion but, again, failed to grant the parties a divorce on the ground of irreconcilable differences or any other ground.

¶2. After a review of the record in this case, this Court has found no judgment or order wherein the parties were ever actually granted a divorce. Therefore, a question arises as to whether the chancellor's order was a final, appealable judgment pursuant to Mississippi Rule of Civil Procedure 54(b). In *Newson v. Newson*, 138 So. 3d 275, 277 (¶6) (Miss. Ct. App. 2014), this Court stated:

> "Jurisdictional matters are questions of law, which we review de novo." *Maurer v. Boyd*, 111 So. 3d 690, 693 (¶10) (Miss. Ct. App. 2013) (citation omitted). "Though neither party raises the finality and appealability of the chancellor's purportedly final order disposing of the parties' assets and liabilities, before addressing the merits of this appeal, we must consider the threshold issue of jurisdiction." *Thompson v. True Temper Sports, Inc.*, 74 So. 3d 936, 938 (¶6) (Miss. Ct. App. 2011) (citation omitted). "Generally, only final judgments are appealable." *Walters v. Walters*, 956 So. 2d 1050, 1053 (¶8) (Miss. Ct. App. 2007) (citation omitted). "A final, appealable judgment is one that adjudicates the merits of the controversy which settles **all issues as to all the parties** and requires no further action by the trial court." *Id*. (citation and internal quotation marks omitted). "When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken." *Thompson*, 74 So. 3d at 938 (¶6) (citation omitted).

(Emphasis added). Rule 54(b) provides the following:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an

expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated[,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties[,] shall not terminate the action as to any of the claims or parties[,] and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54(b)'s commentary explains, if the court chooses to enter such a final order, "it must do so in a definite, unmistakable manner." M.R.C.P. 54 advisory committee notes. Further, **"[a]bsent a certification under Rule 54(b), any order in a multiple-party or multiple-claim action that does not dispose of the entire action is interlocutory, even if it appears to adjudicate a separable portion of the controversy**." *Id*. (emphasis added).

¶3.      Although the chancellor's order in the case at hand was styled "Final Judgment," it did not resolve all the claims between the parties. While the parties clearly consented to a divorce on the ground of irreconcilable differences, there is no order granting a divorce. Because the judgment at issue does not adjudicate all issues between the parties or contain the certification required by Rule 54(b), we must find that the order is not a final, appealable judgment; thus, this appeal must be dismissed for lack of jurisdiction.

¶4.      **APPEAL DISMISSED.**

        **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WEDDLE, J., NOT PARTICIPATING.**