FAIR, J., FOR THE COURT:
¶ 1. J.W. was involuntarily committed to the Mississippi Department of Mental Health at the close of his commitment hearing. The Harrison County Chancery Court had appointed a special master,[1] who conducted the hearing and made a *203 finding that J.W. should be committed. J.W. and his attorney were not present, but attended the hearing through video conference. After the hearing, the special master entered an “Order of Admittance after Hearing” and J.W. filed a motion to reconsider. The chancellor did not enter an order adopting the special master’s findings, nor was the motion to reconsider addressed by the chancellor. However, twenty-two days after J.W. was institutionalized, the chancellor entered an order for his release based on the findings and recommendation of the institution.
¶ 2. J.W. appeals on due-process grounds, asserting he was deprived of notice and denied access to necessary documents in preparation for the hearing. He also claims the commitment proceedings did not comply with Mississippi Code Annotated section 41-21-73 (Rev. 2013). Because there is no final, appeal-able judgement, we lack jurisdiction and must dismiss.
STANDARD OF REVIEW
¶ 3. This Court considers issues of appellate jurisdiction de novo. Nurkin v. Nurkin, 171 So.3d 561, 563 (¶ 6) (Miss. Ct. App. 2015) (citation omitted).
DISCUSSION
¶ 4. In general, only final judgments are appealable. S.E.B. v. R.E.B., 67 So.3d 14, 16 (¶ 9) (Miss. Ct. App. 2011) (citing M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss. 2006)). “A final, appealable judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the [chancery] court.” Newson v. Newson, 138 So.3d 275, 277 (¶ 6) (Miss. Ct. App. 2014) (quoting Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss. Ct. App. 2007)). If the chancery court enters a final judgment under Rule 54(b) of the Mississippi Rules of Civil Procedure, it “must do so in a definite, unmistakable manner.” Harris v. Waters, 40 So.3d 657, 658-69 (¶ 5) (Miss. Ct. App. 2010) (citing M.R.C.P, 54(b) cmt.).
¶ 5. “The court may appoint one or more persons in each county to be masters of the court, and the court in which any action is pending may appoint a special master therein.” M.R.C.P. 53. “[A] master’s report has no effect until it is either accepted or rejected by the chancellor.” Davison v. Miss. Dep’t of Human Servs., 938 So.2d 912, 915 (¶ 5) (Miss. Ct. App. 2006) (citing Evans v. Davis, 401 So.2d 1096, 1099 (Miss. 1981)). Here, there is no order by the chancellor accepting the special master’s report, and there has been no ruling on J.W.’s motion to reconsider. Because there is no final, appealable judgment, we lack jurisdiction and must dismiss. See Newson, 138 So.3d at 278 (¶ 11).
¶ 6. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, WILSON AND GREENLEE, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., NOT PARTICIPATING.

. The special master, George Estes III, is referred to as a "special chancellor” in the chancellor's appointment order, as well as the remainder of the record. However, for all intents and purposes, Estes was a special master, as a special chancellor can only be appointed by the Chief Justice of the Mississippi Supreme Court. See Miss. Code Ann. § 9-1-105 (Rev. 2014).