# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00579-COA

**OLD HATTIESBURG HIGH, L.P.**                                    **APPELLANT**

**v.**

**HARRIS CONSTRUCTION SERVICES, LLC**                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2023 |
| TRIAL JUDGE: | HON. RHEA HUDSON SHELDON |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | BRIAN AUSTIN HINTON |
| | ROBERT DAVIS HOUSE |
| | CECELIA JENNIE HURT |
| ATTORNEYS FOR APPELLEE: | RALPH B. GERMANY JR. |
| | RANKIN SUMNER FORTENBERRY |
| | JAMES STEPHEN FRITZ JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 09/03/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.    Old Hattiesburg High L.P. (Old Hattiesburg) appeals from the Forrest County Chancery Court's order denying its motion to reinstate an order Old Hattiesburg had obtained expunging a lien Harris Construction Services LLC (Harris Construction) had filed on Old Hattiesburg's property.

¶2.    More specifically, after a construction contract dispute, Harris Construction filed the lien on property Old Hattiesburg owned, claiming that Old Hattiesburg still owed for work Harris Construction had performed.  Old Hattiesburg filed a petition to expunge the lien and requested an award of triple-the-lien value as damages.  When Harris Construction failed to

appear at the hearing on Old Hattiesburg's petition to expunge, the chancery court expunged the lien, but its order did not address the claim for damages Old Hattiesburg had requested. Harris Construction then moved to set aside the expungement order and the chancery court granted the motion and set aside the expungement. Thereafter, based on new evidence it discovered, Old Hattiesburg filed a motion to reinstate the expungement order. When the chancery court denied Old Hattiesburg's motion, Old Hattiesburg appealed.

¶3.     Having considered the record and arguments of counsel, we find that the chancery court's initial order expunging Harris Construction's lien was not a final appealable judgment. Therefore, the chancery court's orders on the subsequent motions were orders revising an interim order and not final either. Accordingly, this Court lacks jurisdiction, and we dismiss the appeal.

**Facts**

*A.     The Parties*

¶4.     In 2018, Old Hattiesburg, a company owned by J. Steve Nail and his family, and Harris Construction, a company owned by David Harris, entered into two agreements to develop properties in Hattiesburg and Jackson, Mississippi. At the time, the two companies shared office space at 7538 Old Canton Road in Madison, Mississippi. Harris Construction used this Madison address for its filings with the Secretary of State, including its July 2019 designation of an agent for service of process, Rocket Lawyer Corporate Services LLC (Rocket Lawyer).[1]

---

[1] Rocket Lawyer's agent for service of process was yet another corporation, Paracorp Incorporated, whose registered agent was W. Eric West of McDavid, Noblin & West PLLC,

2

¶5.     Old Hattiesburg owned the former high school building in Hattiesburg and contracted with Harris Construction to convert the property into apartments for senior citizens, which would be known as the Preservation Crossing Apartments.  The Nail family also contracted with Harris Construction to refurbish Southpointe Apartments in Jackson, which the Nails owned through Kinkead of Jackson II LP.  In addition, the parties entered into a joint venture agreement to share in the profits or losses of Harris Construction in performing construction work for both projects.[2]  This appeal concerns the contract for the Hattiesburg project.

### B.     The Contract and the Dispute

¶6.     On December 4, 2018, Harris Construction and Old Hattiesburg signed the contract for the Preservation Crossing project.  The contract required Harris Construction to submit notarized applications for payment when outstanding payments became due.  As the project progressed, Old Hattiesburg authorized certain "change orders," and the adjusted contract sum totaled $10,859,454.74.

¶7.     At the end of 2020, Harris Construction contends, Old Hattiesburg needed to show that the Preservation Crossing project was completed by December 2020 or else lose the tax credits for which the projects were eligible.  Old Hattiesburg proposed (and Harris Construction agreed) to submit its final application for payment to Old Hattiesburg on December 25, 2020, even though the project was not yet completed.  Harris Construction's

---

248 E. Capital Street, Jackson, Mississippi.

[2]  Parties to this joint venture were Old Hattiesburg, Harris Construction, Intervest Corporation, Harris-Intervest Construction JV LLC, and Kinkead.  The parties agreed that the Nails' companies would forego any performance bonding requirement in exchange for a share in Harris Construction's profits or losses in the projects.

3

signed and notarized application included the original contract amount, the adjustments added to the original amount, and the amount of payments previously received. Harris Construction calculated that the final payment due was $594,172.24. On January 19, 2021, Harris Construction executed a "Contractor's Lien Release and Subordination," which stated that all payments were satisfied. Old Hattiesburg also received confirmation from the architect working with Harris Construction who stated that the total contract sum had been fully distributed to Harris Construction.

¶8. In subsequent litigation between the parties, Harris Construction contended that the work was not completed when it signed the December application and that it continued to work on the project through March 2021, for which it was owed $128,260. Harris Construction claimed that Old Hattiesburg agreed to pay for any other work needing to be done if Harris Construction would sign off on the project in December 2020.

¶9. Old Hattiesburg disagreed, however, and said that work on the project was completed in December 2020 and that Harris Construction was fully paid. Old Hattiesburg contended that any other amounts owed were "cost overruns" that Harris Construction should absorb.

¶10. When Harris Construction was not paid, its relationship with Old Hattiesburg deteriorated.[3] Harris Construction vacated the Madison office, but Old Hattiesburg continued to do business from that location.[4]

---

[3] Apparently there were also disputes about the amounts owed under the profit-sharing provisions of the joint-venture agreement.

[4] On March 2, 2021, Harris Construction filed an annual report with the secretary of state listing its principal address as "105 W. Washington Street, Suite A2, Ridgeland, MS 39157." However, Harris Construction later admitted that it did not inform Rocket Lawyer

4

*C.* *The Lien*

¶11. On July 28, 2021, Harris Construction filed a construction lien on Old Hattiesburg's property in the Forrest County Chancery Court, claiming that Old Hattiesburg had an unpaid balance of $128,260.47 for labor, services, and materials that was due on May 11, 2021.[5] Harris Construction contended that it mailed a copy of the lien to Old Hattiesburg at its post office box number in Madison, Mississippi, by certified mail on July 29, 2021.

*D.* *The Forrest County Chancery Court Lien Expungement Action and Order*

¶12. On September 14, 2021, Old Hattiesburg filed a petition for expungement of the lien in Forrest County Chancery Court, alleging that Harris Construction failed to provide Old Hattiesburg with notice of the claim within two days of filing the claim of lien as required under the statute for a lien to be enforceable.[6] The hearing was set for October 14, 2021.

¶13. On September 17, 2021, Old Hattiesburg served a Rule 81 summons[7] and a copy of

_____

of the change in address.

[5] Apparently, similar facts led to Harris Construction filing a lien on the Jackson property as well, which, in turn, led to similar litigation in the Hinds County Chancery Court.

[6] Mississippi Code Annotated section 85-7-405(1)(b) (Rev. 2021) provides in part:

> No later than two (2) business days after the claim of lien is filed of record, the lien claimant shall send a true and accurate copy of the claim of lien by registered or certified mail or statutory overnight delivery to the owner of the property or, if the owner's address cannot be found, the contractor, as the agent of the owner; if the property owner is an entity on file with the Secretary of State's office, sending a copy of the claim of lien to the entity's address or the registered agent's address shall satisfy this requirement.

[7] M.R.C.P. 81.

the petition for lien expungement on Rocket Lawyer, who was Harris Construction's registered agent.[8] According to Harris Construction, Rocket Lawyer sent the summons via Federal Express to "HARRIS CONSTRUCTION SERVICES LLC 7538 OLD CANTON RD MADISON, MS US. 39110," and required a signature of receipt. Although Harris Construction had moved from that location earlier in the year, Old Hattiesburg still occupied that office. Harris Construction contended that someone from Old Hattiesburg signed for the certified mailing but never forwarded the delivery to Harris Construction.[9] However, no hearing was held on Old Hattiesburg's petition pursuant to this summons because the matter was not placed on the court's docket.

¶14. On October 14, 2021, Old Hattiesburg filed an amended petition for expungement and asserted an additional claim for a "False Lien Penalty." Old Hattiesburg requested the statutory triple-lien value as damages for the claim that Harris Construction knowingly filed a false claim of lien without just cause.[10] Old Hattiesburg attached the parties' original

---

[8] Mississippi Code Annotated section 85-7-429(2) (Rev. 2021) provides:

Any person whose rights may be adversely affected by wrongful filing of a claim of lien, as provided by this article may, in addition to the remedies set forth in subsection (1) of this section, apply, upon seven (7) days' notice, to the circuit, county or chancery court, to expunge or vacate the claim of lien, in accordance with Rule 81(d)(2) of the Mississippi Rules of Civil Procedure.

It should be remembered that the summons and petition involved service on Rocket Lawyer's agent (Paracorp) and Paracorp's agent (McDavid, Noblin & West).

[9] David Harris attached the printouts of FedEx deliveries that confirm the delivery of the packages from Rocket Lawyer to Harris Construction at the Madison address.

[10] This penalty is found in section 85-7-429(1):

contract, change orders, and sums paid as exhibits to its amended petition. Old Hattiesburg also attached an April 21, 2021 letter from Kris Ainsworth of Wallace Kleffner Architects, who was the project manager, who concluded that Old Hattiesburg had fully distributed the funds for the contract.[11] Ainsworth also reviewed Harris Construction's "Job Estimates v. Actual Detail," a document that reflected costs of $885,821.77 had been incurred, which Ainsworth determined were cost overruns for which Harris Construction was responsible.

¶15. The clerk issued another Rule 81 summons to Harris Construction, setting the amended petition for hearing on November 9, 2021. On October 14, 2021, process server Davis House filed a sworn proof of service, indicating that he personally served "Renee Caldecott of Rocket Lawyer Corporate Services, LLC" with a copy of the summons and the amended petition.

E.    *November 9, 2021 Hearing to Expunge Lien*

¶16. On November 9, 2021, Harris Construction failed to appear at the scheduled hearing for which it had been served through Rocket Lawyer. At the start of the hearing, the court called for Harris Construction Services LLC three times with no response. The chancery court noted on the record that a return of service of process had been filed and proceeded

Any person who shall falsely and knowingly file the claim of lien provided in this article without just cause shall be liable to every party injured thereby for a penalty equal to three (3) times the full amount for which the claim was filed, to be recovered in an action by any party so injured at any time within one hundred eighty (180) days from the filing of the claim of lien.

[11] Ainsworth had reviewed Harris Construction's signed certification of actual costs that was dated December 31, 2020, that amounted to $10,859,458. Ainsworth also reviewed the pay requests and the approved change orders and verified that the total came to $10,859,458.

7

with the hearing.  Counsel for Old Hattiesburg first argued that Harris Construction had failed to provide the notice of the claim of lien to Old Hattiesburg as required by Section 85-7-405, making the lien unenforceable.  Counsel said that Old Hattiesburg only learned of the lien while searching property records as part of its closing procedures.  Counsel further argued that Harris Construction did not timely file the lien, pointing out that in Harris Construction's December 25, 2020 application for payment, Harris Construction swore that the work was completed.  So if any payment was outstanding, Old Hattiesburg argued, Harris Construction had until March 25, 2021, to file its lien.  Filing it in July 2021 was not within the ninety days allowed by the statute.[12]  Old Hattiesburg further pointed to the letter from the architect who said that all funds for the project had been disbursed.

¶17.    The chancery court expunged the construction lien, stating:

> The Court is going to grant that judgment expunging the lien; however, the Court is going to incline [sic][13] to impose a penalty at this time.  I have for you

---

[12]  Section 85-7-405 provides:

(1) To make good a lien created in Section 85-7-403(1), it must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable:

. . . .
(b) The filing for record of the claim of lien in the office of the clerk of the chancery court of the county where the property is located within ninety (90) days after the claimant's last work performed, labor, services or materials provided, the furnishing of architectural services, or the furnishing or performing of surveying or engineering services.

[13]  The parties disagree about the meaning of the court's holding.  Old Hattiesburg contends that the court meant "the court is going to [de]cline to impose sanctions;" Harris Construction contends that the court expunged the lien but "declined to 'impose a penalty at this time.'"

8

this order that you presented and signed, and it will need to be taken to Forrest County to be filed.

According to the "order" that counsel for Old Hattiesburg prepared and the chancellor signed, the court found that Harris Construction's lien was unenforceable for the failure to provide Old Hattiesburg notice of the lien. Therefore, the lien was "ineffective and unenforceable." The order made no ruling on Old Hattiesburg's false-lien damages claim. The chancery court entered the order on November 9, 2021.

F.     *Harris Construction's Suit in Forrest County Circuit Court*

¶18.   Unaware of the November 9, 2021 order, Harris Construction filed suit in the Forrest County Circuit Court against Old Hattiesburg on November 22, 2021, to enforce the lien and collect the money it claimed Old Hattiesburg owed. Harris Construction alleged that Old Hattiesburg and Steve Nail, individually, breached the contracts concerning both projects and breached the implied covenant of good faith and fair dealing. Harris Construction also alleged that the defendants were unjustly enriched and that Harris Construction was owed the outstanding balance under the theory of quantum meruit. Harris Construction also sought enforcement of its lien and punitive damages, but our record on appeal provides no further information on the circuit court proceedings.

G.     *Harris Construction's Motion to Set Aside the Chancery Court Expungement Order and Response*

¶19.   On January 6, 2022, pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure, Harris Construction filed a motion in the chancery court for relief from the November 9, 2021 judgment that had expunged its lien, claiming that Old Hattiesburg

9

"obtained the Order under inequitable circumstances (at the least)." Although Harris Construction admitted that its registered agent, Rocket Lawyer, was served, Rocket Lawyer erroneously sent the summons and expungement petition to Harris Construction's old Madison County address. Harris Construction contended that Old Hattiesburg actually received the process. Harris Construction also characterized the expungement as a "default judgment" and claimed a colorable defense to the expungement petition that warranted setting aside the expungement order.[14]

¶20. On January 18, 2022, Old Hattiesburg filed its response to Harris Construction's motion for relief from the expungement order. Old Hattiesburg contended, among other things, that the expungement order was not comparable to a default judgment because it was an order on the merits, and the court expunged Harris Construction's lien based on the evidence Old Hattiesburg had presented, not because Harris Construction had failed to appear. Old Hattiesburg argued it could not be faulted for Harris Construction's failure to give Rocket Lawyer a correct mailing address.[15] Therefore, Harris Construction had not shown good cause for failing to appear. In summary, Old Hattiesburg claimed that Harris Construction had made no showing of "exceptional circumstances" warranting relief under

---

[14] In an affidavit supporting the motion, David Harris disputed Old Hattiesburg's contention that all work was completed in December 2020 on the Preservation Crossing Project. David attached emails dated May 7, 2021, showing that work on installing ranges and other activities was still ongoing. David also said that Harris Construction had sent copies of the lien to Old Hattiesburg by certified mail.

[15] Old Hattiesburg cited the Mississippi Registered Agents Act that states one of four duties of a registered agent is "[t]o forward to the represented entity at the address most recently supplied to the agent by the entity any process, notice, or demand that is served on the agent." Miss. Code Ann. § 79-35-14(a)(1) (Rev. 2013).

10

Rule 60.

¶21.    Old Hattiesburg also attached the affidavit of Leah Larue, an employee of a third-party management agent of the Preservation Crossing Project for Old Hattiesburg (Intervest Corporation).  Her office was also located at the Madison address that Harris Construction had used.  She stated that she received a FedEx envelope from Rocket Lawyer for Harris Construction, but she sent it back to Rocket Lawyer with Harris Construction's new address.

¶22.    Harris Construction replied to Old Hattiesburg's response on February 1, 2022, pointing out that the order expunging the lien was interlocutory, not final, because it did not adjudicate all of Old Hattiesburg's claims.  Accordingly, the court had authority to reconsider the order under Rule 54(b) of the Mississippi Rules of Civil Procedure since interlocutory orders are subject to revision at any time before a final judgment is entered.

> H.    *May 23, 2022 Hearing on Motion to Set Aside Expungement of Lien and Order*

¶23.    On May 23, 2022, the chancery court heard arguments on Harris Construction's motion to set aside the expungement order, and later entered an order granting Harris Construction's motion on July 28, 2022.

> I.    *Harris Construction's Answer and Counterclaim*

¶24.    On August 29, 2022, Harris Construction filed an answer and counterclaim to Old Hattiesburg's amended petition to expunge the lien and filed counterclaims.  Harris Construction pleaded the same causes of action against Old Hattiesburg as the counterclaims here, which Harris Construction had raised in its circuit court complaint: breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, and quantum meruit.

11

*J.* *Old Hattiesburg's Motion to Set Aside the Order Setting Aside the Expungement Order and Reply*

¶25. On August 31, 2022, Old Hattiesburg filed a motion to set aside the July 28, 2022 order that set aside the expungement order. Old Hattiesburg also moved for sanctions based on Harris Construction's knowingly and falsely claiming that it was not served for the original hearing. Old Hattiesburg based this allegation on information it had obtained through discovery in the separate litigation that showed that Crosthwaite, an employee of "Parasec," which was "part of" Rocket Lawyer's agent for process, Paracorp, had emailed Harris Construction the summons and amended petition in the Old Hattiesburg litigation on October 15, 2021. Thus, Old Hattiesburg contended, Harris Construction had committed a fraud on the court when it claimed the company had no actual notice of the November 9, 2021 hearing. Old Hattiesburg requested that the July 28, 2022 order setting aside the expungement be vacated and that the court impose sanctions on Harris Construction.

¶26. Harris Construction responded on September 15, 2022, stating that the emails from "Parasec" were sent to an old email account for Harris Construction that it no longer used. Harris Construction pointed out that the emails do not mention Rocket Lawyer, Old Hattiesburg, or any entity with whom Harris Construction was doing business. The emails appeared to be phishing or cyber attacks, so Harris did not "click open" as the emails directed.

¶27. Old Hattiesburg replied on September 30, 2022, pointing out that Harris Construction now admitted it received at least one email regarding service of process, which meant that it received notice of the proceedings.

*K.* *December 5, 2022 Hearing on Old Hattiesburg's Motion and Order*

¶28.    On December 5, 2022, the chancery court heard arguments on Old Hattiesburg's motion to set aside the July 28, 2022 order and reinstate the expungement order. On May 1, 2023, the chancery court denied Old Hattiesburg's motion to set aside and request for sanctions, and on May 12, 2023, Old Hattiesburg appealed.

*L.* *Appeal*

¶29.    On appeal, Old Hattiesburg argues that (1) the order expunging the lien was not a default judgment; (2) because it was not a default judgment, the order expunging the lien was not subject to a Rule 60(b) motion to set aside default judgment; and (3) the chancery court erred by denying its motion to reinstate the expungement order and impose sanctions.

¶30.    Harris Construction responds that Old Hattiesburg's appeal is interlocutory because the expungement order and subsequent orders concerning it were not final judgments, but, rather, simply interim orders, thus leaving this Court without jurisdiction. Harris Construction also argues on the merits that the chancery court was correct in setting aside the expungement order and denying Old Hattiesburg's motion to reinstate it.

**Standard of Review**

¶31.    "Generally, only final judgments are appealable." *Williams v. Williams*, 347 So. 3d 178, 182 (¶14) (Miss. 2022) (quoting *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006)). "An appeal may be taken only from a final judgment," which is one that "adjudicates the merits of the controversy and settles all issues between all parties." *Blaney v. Black Jack Oil Co.*, 325 So. 3d 1204, 1206 (¶8) (Miss. Ct. App. 2021) (citing *LaFontaine v. Holliday*,

110 So. 3d 785, 787 (¶8) (Miss. 2013)).

¶32. This Court applies the limited standard of review of abuse of discretion when examining the grant or denial of a Rule 60(b) motion. *Stevens v. Wade*, 214 So. 3d 301, 304 (¶10) (Miss. Ct. App. 2017) (citing *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984)).

## Discussion

¶33. This case involves three critical chancery court orders. The first, the November 9, 2021 order, expunged Harris Construction's lien. The second, the court's July 28, 2022 order, granted Harris Construction's Rule 60 motion, setting aside the expungement order.[16]

---

[16] Rule 60, **Relief from Judgment or Order** provides:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders up until the time the record is transmitted by the clerk of the trial court to the appellate court and the action remains pending therein. Thereafter, such mistakes may be so corrected only with leave of the appellate court.
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) fraud, misrepresentation, or other misconduct of an adverse party;
    (2) accident or mistake;
    (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
    (6) any other reason justifying relief from the judgment.

14

The third, the chancery court's May 1, 2023, denied Old Hattiesburg's Rule 60 motion to set aside the July 28, 2022 order and reinstate the expungement order. Old Hattiesburg appeals from the May 2023 order.

¶34.    We must first determine if we have jurisdiction to consider Old Hattiesburg's appeal, "An appeal may be taken only from a final judgment." *Houston v. Houston*, 385 So. 3d 820, 826 (¶33) (Miss. Ct. App. 2024) (citing *Blaney*, 325 So. 3d at 1206 (¶8)). Because a court may reconsider a final *judgment* it has rendered or merely modify a non-final *order*, we must review each of the court's orders here to determine if the May 1, 2023 order denying Old Hattiesburg's Rule 60 motion is a final, appealable judgment.

## I.    Whether the November 9, 2021 expungement was a final judgment.

¶35.    "Appellate jurisdiction is defined as 'the power of a court to review and revise a lower court's decision.'" *Jones v. State*, 330 So. 3d 793, 799 (¶16) (Miss. Ct. App. 2021). A final judgment generally "adjudicates the merits of the controversy and settles all issues between all parties." *Houston*, 385 So. 3d at 826 (¶33) (citing *LaFontaine*, 110 So. 3d at 787 (¶8)); *see* Miss. Code Ann. § 11-51-3 (Rev. 2019).

> The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram nobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action and not otherwise.

15

¶36. Rule 54(b) of the Mississippi Rules of Civil Procedure provides:

> When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The rule is clear that a trial court order adjudicating fewer than all the claims is an interlocutory order that may only be appealed if the trial court expressly states there is no just reason for delay and directs the entry of a final judgment. *Id.* The commentary to the rule states, "[A]bsent a certification under Rule 54(b), any order in a multiple-party or multiple-claim action that does not dispose of the entire action is interlocutory, even it if appears to adjudicate a separable portion of the controversy." M.R.C.P. 54(b) advisory committee note. The Mississippi Supreme Court has stated:

> Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.

*Taylor v. Tolbert*, 324 So. 3d 763, 766 (¶13) (Miss. 2021) (quoting *M.W.F.*, 926 So. 2d at 900 (¶4)).[17] The supreme court has reiterated this point and added that in such an instance

---

[17] The only other avenue for an appeal of an interlocutory order is for a party to seek permission from the Mississippi Supreme Court under Rule 5 of the Mississippi Rules of Appellate Procedure, which provides:

> (a) Petition for Permission to Appeal. An appeal from an interlocutory order may be sought if a substantial basis exists for a difference of opinion on a

the appeal must be dismissed. *Williams*, 347 So. 3d at 182 (¶15). In *Williams*, the wife had withdrawn her agreement to proceed with the divorce on the grounds of irreconcilable differences. *Id.* n.3 (¶16). On appeal from the trial court's "final judgment" adjudicating custody, child support, alimony, property division, and attorney's fees, the Supreme Court found that the judgment was still not "final" because it had not resolved the issue of the divorce. *Id.*

¶37.    This Court has also dismissed appeals for lack of jurisdiction when no final judgment was entered. In *Meekins v. Kennon*, 141 So. 3d 51, 53 (¶17) (Miss. Ct. App. 2014), we held that an order granting summary judgment on a mother's claims in an auto accident personal injury case was not a final judgment when the claims of her minor-children-passengers were still pending and the summary judgment order was not certified as a final judgment under Rule 54(b). In another case, *In re J.W.*, 220 So. 3d 202 (Miss. Ct. App. 2017), the chancery court had appointed a special master to hear a commitment petition. *Id.* at 202 (¶1). After the special master made his finding, but before the finding was adopted by the chancery court, J.W. appealed. *Id.* at 203 (¶1). We dismissed the appeal because the chancery court had not entered an order accepting the special master's report and, thus, no final appealable judgment had been entered. *Id.* at (¶5). We stated:

> question of law as to which appellate resolution may:
> > (1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
> > (2) Protect a party from substantial and irreparable injury; or
> > (3) Resolve an issue of general importance in the administration of justice.
> However, in this case, Old Hattiesburg did not seek the Supreme Court's permission to appeal.

17

> A final, appealable judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the chancery court.

*Id*. at (¶4) (citing *Newson v. Newson*, 138 So. 3d 275, 277 (¶6) (Miss. Ct. App. 2014)). Even if an order appears to adjudicate a separable portion of a multiple-claim controversy, it is not appealable absent a certification under Rule 54(b). *Hoffman v. Hoffman*, 200 So. 3d 465, 468 (¶11) (Miss. Ct. App. 2016) (concluding judgment not final because unresolved issues in a divorce proceeding were still pending).

¶38. In the case at hand, Old Hattiesburg filed an amended petition in its expungement action. The amended complaint contained two distinct "counts." Count I involved expungement of the lien, and Count II involved damages for Harris Construction's knowingly filing a false claim of lien. Old Hattiesburg alleged (a) it did not owe the sum claimed, (b) Harris Construction did not file the lien within ninety days of the date the last work was performed, and (c) Harris Construction did not provide Old Hattiesburg with a copy of the lien within two business days after it was filed as required by section 85-7-405(1)(b). As the basis for Count II, Old Hattiesburg pleaded that Harris Construction "falsely and knowingly filed its claim of lien without just cause" with the intent to embarrass Old Hattiesburg and defame its title to the property. These are two separate claims, requiring proof of different causes of action. To expunge the lien on the ground that it was unenforceable under section 85-7-405(1), Old Hattiesburg needed only to have shown that the lien was not filed within ninety days of the work's completion or that Harris Construction had not given Old Hattiesburg notice of the lien within two business days of its filing.

However, to prevail on the damages claim, under section 85-7-429, Old Hattiesburg needed to present evidence that Harris Construction intentionally filed a lien that it knew was false. For an order to be final on the entire amended petition to expunge, any order must resolve both claims unless it contains the Rule 54(b) certification language. *See* M.R.C.P. 54(b).

¶39. At the hearing, Old Hattiesburg argued the factual and legal bases for both counts. It did not withdraw or abandon its claim for damages. After hearing arguments, the chancery court ruled:

> The Court is going to grant that judgment expunging the lien. However, the Court is going to incline [sic] to impose a penalty at this time.

Old Hattiesburg claims the court meant that it was going to "decline" to impose sanctions, meaning it was dismissing the claims for damages. On the other hand, Harris Construction argues that the court was postponing a decision on the statutory penalty claim, saying it would not decide that issue "at this time." The order that the court signed, however, only ruled on the expungement claim. It clearly stated that the court was expunging the lien because Old Hattiesburg had not received notice of the lien that Harris Construction was statutorily required to send. However, the order did not rule or even mention Old Hattiesburg's claim for triple-lien-value damages.[18] Based on the chancellor's comment at the hearing—that the chancellor had decided not to act on some matter "at this time," but intended to act on it at some later date—it is logical that the matter the court intended to

---

[18] Moreover, when the court ruled, the chancellor also said, "I have for you this order that you presented and signed, and it will need to be taken to Forrest County to be filed." This indicates that Old Hattiesburg had prepared the order for the chancellor to sign. Had it decided to withdraw or abandon its claim for damages, it had another opportunity to do so when it prepared the order for the court. But it did not.

19

consider at a later time was Old Hattiesburg's damage claim. We have stated that "if the chancery court enters a final judgment under Rule 54(b) of the Mississippi Rules of Civil Procedure, it 'must do so in a definite, unmistakable manner.'" *In re J.W.*, 220 So. 3d at 203 (¶4) (quoting *Harris v. Waters*, 40 So. 3d 657, 658-59 (¶5) (Miss. Ct. App. 2010)). In this case, the chancery court's comment that it had further matters to consider "at a later time" indicates that it did not definitely and unmistakably enter a final judgment when it expunged Harris Construction's lien but did not decide the issue of damages.

¶40. Rule 54(b) specifically states that "any order . . . which adjudicates fewer than all of the claims . . . shall not terminate the action as to any of the claims . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In this case, because the November 9, 2021 expungement order did not resolve all claims Old Hattiesburg had pled, the order did not terminate the case and was subject to revision at any time. In addition, the record reflects that the court itself did not consider the November 9, 2021 expungement order to be final. When the court ruled on Harris Construction's motion to set aside the expungement order, the court stated in its July 28, 2022 order that it had "continuing jurisdiction over the parties and the subject matter" of the case.

¶41. Accordingly, because the November 9, 2021 expungement order itself did not resolve all issues Old Hattiesburg pled in its amended petition, it was not a final judgment but, rather, an interim order that could be revised at any time.

II. **Whether the subsequent order setting aside the expungement order and the order denying the motion to reinstate it are final**

20

**judgments.**

¶42. Because the chancery court's initial order expunging Harris Construction's lien was not a final judgment (i.e., it did not adjudicate all issues between the parties or contain the certification required by Rule 54(b)), Harris Construction's Rule 60 motion to set aside expungement order was an action to revise an interim order, and not a final judgment. This case is similar to *Crawford v. Richmond*, 337 So. 3d 1164 (Miss. Ct. App. 2022). In that case, the Quitman County Chancery Court issued an order accepting the transfer of Richmond's guardianship of her mother that had been established in Minnesota. *Id.* at 1166-67 (¶¶1-3). In the order, the chancery court noted several issues that needed to be determined. *Id*. at 1167 (¶3). Richmond's sister, Smith, who contended that the transfer order had been obtained by fraud, *id.* at 1171-72 (¶28), filed a Rule 60 motion to set it aside, which the chancery court denied. *Id*. at (¶4). Smith appealed the order denying her Rule 60 motion, and Richmond moved to dismiss the appeal. *Id*. at 1167 (¶7). We granted Richmond's motion and dismissed the appeal, finding that the chancery court's order accepting the transfer was an interim, interlocutory order and not an appealable final judgment. *Id*. at 1172 (¶30). We further held that the order denying Smith's Rule 60(b) motion to set aside the chancellor's initial interim order was also interlocutory "from which no appeal was available." *Id*. (quoting *Tucker v. Williams*, 198 So. 3d 299, 307 (¶¶14-16) (Miss. 2016)).

¶43. Similarly, in the case at hand, because the expungement order was not final, the court's orders on motions subsequently filed by the parties under Rule 60 were also not final

21

for purposes of appeal, including the May 1, 2023 order denying Old Hattiesburg's motion to reinstate the expungement order. In fact, at the time Old Hattiesburg filed its motion to reinstate the expungement order, Harris Construction had filed its answer and raised its counterclaims. So at that time, there were several claims between the parties that the court had not resolved. Because the Rule 60 orders were not final judgments, we lack jurisdiction to consider them.[19]

**Conclusion**

¶44. Because the expungement order was not a final judgment and because of the pending claim and counterclaims, the court orders on the Rule 60 motions filed thereafter are not final judgments, including the May 1, 2023 order from which Old Hattiesburg has appealed. Accordingly, this appeal must be dismissed for lack of jurisdiction.

¶45. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[19] We note that when the chancery court issued its interlocutory order setting aside the expungement order and later refusing to reinstate it, the parties returned to the same positions as when Old Hattiesburg initially filed its amended petition for expungement.